```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #:_____
                                                    DATE FILED: 12/3/2020
-------------------------------------------------------------- X
GEORGE PAPPAS, INDIVIDUALLY AND AS              :
THE REPRESENTATIVE OF A CLASS OF                :
SIMILARLY SITUATED PERSONS,                     :
                                                :
                        Plaintiff,              :   20-CV-5680 (VEC)
                                                :
          -against-                             :   ORDER
                                                :
                                                :
MYPIZZA TECHNOLOGIES, INC., A                   :
DELAWARE CORPORATION,                           :
                                                :
                        Defendant.              :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 2, 2020, Plaintiff filed an amended complaint asserting claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") (Dkt. 28);

WHEREAS on October 30, 2020, Defendant filed a motion to stay this case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (Dkt. 33);

WHEREAS on November 13, 2020, Plaintiff opposed the motion to stay (Dkt. 36);

WHEREAS a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, or counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936);

WHEREAS in determining whether to grant a motion to stay, the Court considers factors including: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of

and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996);

IT IS HEREBY ORDERED THAT:  Defendant's motion is GRANTED.  This case is STAYED pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*.  The Supreme Court's decision in *Facebook* will resolve the current circuit split regarding what type of device qualifies as an Automated Telephone Dialing System ("ATDS") under the TCPA.  Specifically, the Supreme Court will determine whether the definition of an ATDS encompasses any device that can store and automatically dial telephone numbers, even if the device does not use a "random or sequential number generator."  The answer to that question is "pivotal" to the claims presented in this case and may substantially resolve, or at the very least "shape the progress" of, this case.  *See Loftus v. Signpost, Inc.*, No. 19-CV-7984, 2020 U.S. Dist. LEXIS 193130, at *1 (S.D.N.Y. Oct. 19, 2020) (granting motion to stay pending *Facebook*); *Aleisa v. Square Inc.,* No. 20-CV-806, 2020 WL 5993226 (N.D. Cal. Oct. 9, 2020) (granting motion to stay because the Supreme Court's decision in *Facebook* will "greatly simplify a key question of law in the instant case").  Moreover, staying this case pending the Supreme Court's ruling will conserve judicial resources.

The Court rejects Plaintiff's contention that a stay will prejudice him because the "passage of time could result in the loss of evidence via text deletion by unknowing putative class members and potential destruction of relevant phone records by cellphone carriers."  Pl. Opp., Dkt. 36 at 6.  If Plaintiff is concerned about the preservation of evidence, he has "several tools at [his] disposal," including "preservation agreements or preservation subpoenas … that can preserve relevant third-party vendor information while the case is stayed."  *Aleisa*, 2020 WL 5993226, at *8.  Moreover, the stay pending the Supreme Court's ruling will cause minimal

delay; the Supreme Court is scheduled to hold oral argument on December 8, 2020 and is expected to issue a decision by June 2021.  *See Loftus*, 2020 U.S. Dist. LEXIS 193130, at *2 (noting that the "stay is for a relatively brief period of time because the Supreme Court will likely decide the *Facebook* case at some point in the current Term.").

      For the foregoing reasons, Defendant's motion to stay is GRANTED.  This case is STAYED.  The parties are directed to submit a joint letter no later than 14 days after the Supreme Court's decision in *Facebook, Inc. v. Duguid,* No. 19-511.

**SO ORDERED.**

Date:  December 3, 2020  
      New York, New York

      _____  
      **VALERIE CAPRONI**  
      **United States District Judge**